Robert J. BITTS and Albert D. Bonell, Individually and Doing Business as Bonell Refrigeration Co., Appellants,

v.

GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, Limited, a Corporation, Appellee.

No. 16430.

United States Court of Appeals
Ninth Circuit.

Aug. 16, 1960.

Crist, Peters, Donegan & Brenner, Palo Alto, Cal., for appellants.

Charles A. Legge, Bronson, Bronson & McKinnon, San Francisco, Cal., for appellee.

Before BARNES, MERRILL and KOELSCH, Circuit Judges.

MERRILL, Circuit Judge.

Appellant Bonell has instituted this action for declaratory relief to determine his rights under a general liability in-

surance policy issued by appellee. Appellant Bitts, alleging personal injuries resulting from the negligence of Bonell, brought suit against Bonell in the Superior Court for Santa Clara County, California. Appellee, after notice from Bonell, refused to defend on Bonell's behalf. The sole question involved is whether the injury to Bitts resulted from a hazard excluded from the coverage of the policy. Such was the holding of the District Court, which granted summary judgment in favor of appellee. Federal jurisdiction is founded upon diversity of citizenship.

In his action against Bonell, Bitts alleged that he had purchased component refrigerator parts from Bonell for the purpose of constructing a refrigerator; that in order to connect the refrigerator coil with one of the other parts he had opened the end of the coil; that gas under high pressure within the coil had escaped with explosive force resulting in personal injuries. Bitts does not contend that the coil was defective. He asserts negligence on the part of Bonell in failing to warn him of the characteristics of the coil and of the dangerous consequences of opening the coil. The accident occurred away from Bonell's business premises.

The policy obligated the appellee "to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law * * * for damages * * * sustained by any person or persons"; also to "defend in his behalf any suit against the insured alleging such injury * * * and seeking damages on account thereof * * *."

The policy contained an endorsement entitled "Exclusion of Products Hazard," providing:

"It is agreed that the policy does not apply to the products hazard as defined therein."

The definition under Condition 3(c) of the policy is as follows:

"The term 'products hazard' shall mean (1) the handling or use of, the existence of any condition in or a warranty of goods or products manufactured, sold, handled or distributed by or for the name insured * * * if the accident occurs after the insured has relinquished possession thereof to others and away from premises owned, rented or controlled by the insured * * *."

Bonell contends that the exclusionary clause should be construed to have reference only to injuries resulting from the negligent manufacture of products and should not be held to apply to such an antecedent act of negligence as failure to warn. This Court has held to the contrary in Tidewater Associated Oil Co. v. Northwest Casualty Co., 9 Cir., 1959, 264 F.2d 879, construing a clause substantially identical to the one here involved.

That case involved an Oregon accident. Bonell contends that California courts have held to the contrary and that, since California law must control here, the Tidewater case cannot apply. As establishing California law, appellant relies upon Miesen v. Bolich, 1960, 177 Cal.App. 2d 145, 1 Cal.Rptr. 912, and Chrysler Motors of California v. Royal Indemnity Co., 1946, 76 Cal.App.2d 785, 174 P.2d 318. In both of these cases under the exclusionary clauses there involved, the court was concerned with the *cause* of the accident: with the act or omission which was the source of the potential liability of the insured and with whether such act or omission fell within the provisions of the clause. The cases held generally that the hazard arose when the negligent act was committed and not when the accident occurred. The fact that the occurrence of the *accident* appeared to be under conditions excluding coverage was held not sufficient to result in exclusion where the act of negligence causing the accident did not fall within the exclusionary clause.

These cases cannot apply, as authority, to the clause with which we are concerned. Here the excluded hazard is not the negligent act proximately causing injury. It is, by express definition, "the handling or use of" the product sold. It cannot be denied that this was the cause

in fact of the injury. Unlike the cited California cases, the clause here expressly provides exclusion "if the *accident* occurs after insured has relinquished possession * * *." (Emphasis supplied.) It is the occurrence of the accident itself and not of its negligent cause which is expressly made the determining circumstance. In the area of products liability this is readily understandable. In all such cases the cause of the accident (in the sense of the negligent act or omission which has proximately resulted in injury) has antedated the delivery of the article to the purchaser. To construe this clause as applying only when the proximate cause had occurred after delivery would, of course, result in no effective exclusion of products liability whatsoever.

Bonell seems to suggest that the duty to warn is a negligent act somewhat apart from products liability and that the latter should be construed to apply only to cases of defective merchandise. The definition of products hazard, as set forth in the policy, not only includes the existence of any condition in a product or of a warranty in a product, but also the handling or use of a product. It cannot be as narrowly defined as Bonell contends. Further, we note that, historically, failure to warn is one of the bases for holding a vendor of products liable for negligence, Huset v. J. I. Case Threshing Machine Co., 8 Cir., 1903, 120 F. 865, 871, and currently seems to occupy a place of considerable importance in the law of products liability. See 2 Harper & James, The Law of Torts, 28.75; Dillard & Hart, Product Liability: Directions for Use and the Duty to Warn, 41 Va.L.Rev. 145 (1955).

We conclude that the California authorities cited by Bonell are distinguishable upon the facts; that Tidewater Associated Oil Co. v. Northwest Casualty Co., supra, is controlling here; that the District Court properly ruled that the accident involved in this case was excluded from coverage; that summary judgment was proper.

Affirmed.